UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

_____
MOUSTAFA KAMEL AND EETIDAL TERMOS, )
                                   )
    Plaintiffs,                    )
                                   )
v.                                 )   C.A. No. 05-40136-FDS
                                   )
UNITED STATES POSTAL SERVICE,      )
                                   )
    Defendant.                     )
_____)

## ANSWER

COMES NOW Defendant, United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Michael Sady, Assistant United States Attorney for said District, and answers Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. Defendant admits that the United States District Court has jurisdiction over this matter. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs are citizens of the Commonwealth of Massachusetts. Defendant admits that the United States Postal Service is an independent establishment of the executive branch of the federal government, 30 U.S.C. §201. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 1.

2.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore, denies the same.

### PARTIES

3.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore, denies the same.

4.   Defendant is without knowledge or information sufficient to forma belief as to the truth of the allegations contained in Paragraph 4, and therefore, denies the same.

5.   Defendant admits that the United States Postal Service is an independent establishment of the executive branch of the federal government, 30 U.S.C. §201, and operates a Post Office at 4 East Central Street, Worcester, Massachusetts.  Defendant further states that the United States Postal Service is not a proper party to this action and that the United States of America is the only proper defendant pursuant to 28 U.S.C. §2679 (a)(b)(1). Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 5.

### FACTUAL ALLEGATIONS

6.   Defendant admits the allegations contained in Paragraph 6.

7.   Defendant admits the allegations contained in Paragraph 7.

8.   Defendant admits the allegations contained in Paragraph 8.

9.   Defendant denies that the motor vehicle owned and operated

by the U.S.P.S. failed to stop for a stop sign on Gates Street, which caused an accident to occur. Defendant admits the remaining allegations contained in Paragraph 9.

## COUNT 1
## NEGLIGENCE
## MOSTAFA KAMEL V. UNITED STATES POSTAL SERVICE

10. Defendant realleges and incorporates by reference its answers to Paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

## COUNT TWO
## NEGLIGENCE/PROPERTY DAMAGE
## EETIDAL TERMOS V. UNITED STATES POSTAL SERVICE

13. Defendant realleges and incorporates by reference its responses to Paragraph 1 through 12 of the Complaint as if fully set forth herein.

14. Defendant denies the allegations contained in Paragraph 14.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

2. Pursuant to 28 U.S.C. § 2675(b), Plaintiff Moustafa Kamel is prohibited from claiming or recovering an amount against the Defendant in excess of that set forth in Plaintiff's

administrative claim presented to the United States Postal Service.

3.  Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.

4.  The United States Postal Service is not a proper party to this action and the United States of America is the only proper defendant pursuant to 28 U.S.C. §2679 (a)(b)(1).

5.  Plaintiff's Complaint fails to state a claim or any claim upon which relief can be granted against Defendant.

6.  Plaintiff's damages and losses, if any, were solely and proximately caused by Plaintiff's own negligence, carelessness or recklessness.

7.  Plaintiff's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing the alleged accident.  Further, Plaintiff is prohibited from recovering any amount against Defendant if the negligence of Plaintiff is determined to be greater than any fault of Defendant.

8.  Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States Postal Service.

9.  Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant.

10.  Plaintiff Eetidal Termos' claims must be dismissed because she has failed to exhaust her administrative remedies in that she did not file an administrative claim with the United States Postal Service prior to filing suit as required by 28 U.S.C. § 2675(a).

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully moves this Court to dismiss Plaintiff's Complaint, for its costs incurred herein, and for such further relief as is just and proper.

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            UNITED STATES ATTORNEY

By:  /s/ Michael Sady
     Michael Sady
     Assistant U.S. Attorney
     One Courthouse Way, Suite 9200
     Boston, Massachusetts  02210
     (617)748-3100

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing was mailed this 17 day of November, 2005, to:

Rickie T. Weiner  
Law Office of Rickie T. Weiner  
8 Norwich Street  
Worcester, MA 01608

                                      By: /s/ Michael Sady  
                                           Michael Sady  
                                           Assistant U.S. Attorney